**THIS DISPOSITION
IS NOT CITABLE AS
PRECEDENT OF
THE TTAB**

**Mailed: January 29, 2004**

Paper No. 15

CEW

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

Trademark Trial and Appeal Board
_____

In re A.I.T. International, Inc.
_____

Serial No. 75578472
_____

Ezra Sutton, Esq. for A.I.T. International, Inc.

Scott Baldwin, Trademark Examining Attorney, Law Office 112
(Janice O'Lear, Managing Attorney).
_____

Before Seeherman, Walters and Bucher, Administrative
Trademark Judges.

Opinion by Walters, Administrative Trademark Judge:

A.I.T. International, Inc. has filed an application to register the mark shown below on the Principal Register for "telephones and answering machines."[1]  The application includes a disclaimer of TELECOM apart from the mark as a whole.

---

[1] Serial No. 75578472, in International Class 9, filed October 28, 1998, based on an allegation of use in commerce, claiming first use as of February 4, 1998, and use in commerce as of February 9, 1998.



The Trademark Examining Attorney has issued a final refusal to register under Section 2(d) of the Trademark Act, 15 U.S.C. 1052(d), on the ground that applicant's mark so resembles the mark SOUTHERN TELECOM, previously registered for "telecommunication services, namely, telephone communications and information services,"[2] in International Class 38, that, if used on or in connection with applicant's goods, it would be likely to cause confusion or mistake or to deceive.[3]  The cited registration includes a disclaimer of TELECOM apart from the mark as a whole.

Applicant has appealed.  Both applicant and the Examining Attorney have filed briefs, but an oral hearing was not requested.  We affirm the refusal to register.

Our determination under Section 2(d) is based on an analysis of all of the probative facts in evidence that are relevant to the factors bearing on the likelihood of confusion issue.  *See In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973).  See also, *In re*

---

[2] Registration No. 2,350,484 issued May 16, 2000, to Southern Company.

[3] A refusal to register under Section 2(d) of the Trademark Act, based on two additional registrations owned by Southern Company, Nos. 2,140,827 and 2,176,397, was withdrawn in the final Office action of August 8, 2002.

*Majestic Distilling Company, Inc.*, 315 F.3d 1311, 65 USPQ2d 1201 (Fed. Cir. 2003). In considering the evidence of record on these factors, we keep in mind that "[t]he fundamental inquiry mandated by Section 2(d) goes to the cumulative effect of differences in the essential characteristics of the goods and differences in the marks." *Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 192 USPQ 24, 29 (CCPA 1976); *In re Dixie Restaurants Inc.*, 105 F.3d 1405, 41 USPQ2d 1531 (Fed. Cir. 1997); and *In re Azteca Restaurant Enterprises, Inc.*, 50 USPQ2d 1209 (TTAB 1999) and the cases cited therein.

The Examining Attorney contends the word portions of both marks are identical and the design element in applicant's mark does not obviate the similarity between the marks; and that applicant's goods and the services in the cited registration are closely related. In support of his position, he submitted copies of third-party registrations wherein the same mark is registered in connection with both telephones and telecommunication services.

Applicant does not argue that the marks are different. Rather, applicant contends that registrant's services are directed to businesses, whereas applicant's goods are directed to consumers; that registrant is an power/utility company whose "fiber optic networks allow transmission of voice and data for telecommunications devices" {brief, pg.

4); that applicant's business is entirely different because "applicant imports various types of telephones and telephone answering machines mainly to individual consumers at the retail level." (Brief, pg. 4.) Applicant submitted printouts of pages allegedly from registrant's website in support of its position.

As the Examining Attorney states, and applicant does not appear to dispute, applicant's mark is substantially similar in sound, appearance, connotation and overall commercial impression to the mark in the cited registration. There is no question that the word portion of applicant's mark is identical to the cited registered mark.

Although the marks at issue must be considered in their entireties, it is well settled that one feature of a mark may be more significant than another, and it is not improper to give more weight to this dominant feature in determining the commercial impression created by the mark. *See In re National Data Corp.*, 753 F.2d 1056, 224 USPQ 749 (Fed. Cir. 1985). With respect to the design element in applicant's mark, when both words and a design comprise the mark, the words are normally accorded greater weight because the words are likely to make an impression upon purchasers that would be remembered by them and would be used by them to request the goods and/or services. *In re Appetito Provisions Co.*, 3 USPQ2d 1553, 1554 (TTAB 1987); and *Kabushiki Kaisha Hattori*

4

*Tokeiten v. Scuotto*, 228 USPQ 461, 462 (TTAB 1985). See also: *Giant Food, Inc. v. Nation's Food Service, Inc*., 710 F.2d 1565, 218 USPQ 390 (Fed. Cir. 1983). We find that SOUTHERN TELECOM is the dominant portion of applicant's mark because the stylized script with larger initial capital letters is not unique and the elliptical design running through the words is relatively light and insignificant relative to the words. Thus, we conclude that applicant's mark is substantially similar in commercial impression to the cited registered mark.

Turning to consider the goods and services involved in this case, we note that the question of likelihood of confusion must be determined based on an analysis of the goods or services recited in applicant's application vis-à-vis the goods or services recited in the registration, rather than what the evidence shows the goods or services actually are. *Canadian Imperial Bank v. Wells Fargo Bank*, 811 F.2d 1490, 1 USPQ2d 1813, 1815 (Fed. Cir. 1987). *See also, Octocom Systems, Inc. v. Houston Computer Services, Inc.,* 918 F.2d 937, 16 USPQ2d 1783 (Fed. Cir. 1992); and *The Chicago Corp. v. North American Chicago Corp.*, 20 USPQ2d 1715 (TTAB 1991). Further, it is a general rule that goods or services need not be identical or even competitive in order to support a finding of likelihood of confusion. Rather, it is enough that goods and/or services are related

in some manner or that some circumstances surrounding their marketing are such that they would be likely to be seen by the same persons under circumstances which could give rise, because of the marks used therewith, to a mistaken belief that they originate from or are in some way associated with the same producer or that there is an association between the producers of each parties' goods or services. *In re Melville Corp.*, 18 USPQ2d 1386 (TTAB 1991), and cases cited therein.

Despite applicant's arguments and evidence, we must, as previously stated, consider the services as identified in the cited registration. In this case, the services are very broadly stated and encompass all telephone communications and information services. The third-party registrations submitted by the Examining Attorney show that the same mark is registered for both registrant's services and applicant's goods. Although third-party registrations which cover a number of differing goods and/or services, and which are based on use in commerce, are not evidence that the marks shown therein are in use on a commercial scale or that the public is familiar with them, such registrations nevertheless have some probative value to the extent that they may serve to suggest that such goods or services are of a type which may emanate from a single source. *See In re Albert Trostel & Sons Co.*, 29 USPQ2d 1783 (TTAB 1993); *In re*

*Mucky Duck Mustard Co. Inc*., 6 USPQ2d 1467 (TTAB 1988).  In this case, we find that the identified goods and services are sufficiently related that, if identified by substantially similar marks, confusion as to source is likely.

Regarding applicant's argument that the goods and services travel in different trade channels to different customers, neither identification of goods or services is limited as to channels of trade or classes of purchasers. Thus, we must presume that the goods and services of the applicant and opposer are sold in all of the normal channels of trade to all of the usual purchasers for goods and services of the type identified.  *See Canadian Imperial Bank v. Wells Fargo*, 811 F.2d 1490, 1 USPQ2d 1813 (Fed. Cir. 1987).  In other words, we conclude that the channels of trade and class of purchasers of the parties' goods and services are the same, and in each instance may include both individuals and businesses.

Therefore, we conclude that in view of the substantial similarity in the commercial impressions of applicant's mark and registrant's mark, their contemporaneous use on the closely related goods and services involved in this case is likely to cause confusion as to the source or sponsorship of such goods and services.

*Decision:*   The refusal under Section 2(d) of the Act is affirmed.